**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| NIKI FRENCHKO, | : | Case No. 4:23-cv-781 |
| | : | |
| Plaintiff, | : | |
| v. | : | Judge J. Philip Calabrese |
| | : | |
| PAUL MONROE, *et al.*, | : | (Jury Demand Endorsed Hereon) |
| | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANTS SHERIFF PAUL MONROE, TRUMBULL COUNTY,
OHIO, TRUMBULL COUNTY BOARD OF COMMISSIONERS, TRUMBULL COUNTY
SHERIFF'S OFFICE, MAURO CANTALAMESSA, AND FRANK FUDA TO
PLAINTIFF'S COMPLAINT**

Now come the Defendants, Sheriff Paul Monroe, Trumbull County, Trumbull County Board of Commissioners, Trumbull County Sheriff's Office, Mauro Cantalamessa, and Frank Fuda, (hereinafter "the Trumbull County Defendants"), and for their Answer to Plaintiff's Complaint herein states as follows:

1.     The allegations contained in paragraph 1 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.     The allegations contained in paragraph 2 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 2 of Plaintiff's Complaint for want of knowledge.

3.     The allegations contained in paragraph 3 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.      The allegations contained in paragraph 4 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.      The allegations contained in paragraph 5 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.      The allegations contained in paragraph 6 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.      The allegations contained in paragraph 7 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.      The allegations contained in paragraph 8 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.      The allegations contained in paragraph 9 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.      The allegations contained in paragraph 10 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.     The allegations contained in paragraph 11 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.     The allegations contained in paragraph 12 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.     The allegations contained in paragraph 13 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.     The answering Defendants admit that the transactions and occurrences as alleged in Plaintiff's Complaint occurred in Trumbull County, Ohio. The answering Defendants deny each and every remaining allegation contained in paragraph 14 of Plaintiff's Complaint not specifically admitted herein as true.

15.     The answering Defendants admit the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.     The answering Defendants deny the allegations in paragraph 16 of Plaintiff's Complaint for want of knowledge or information.

17.     The answering Defendants aver that the allegations in paragraph 17 of Plaintiff's Complaint are vague and ambiguous and thus deny the allegations for the same.

18.     The answering Defendants admit only that Mauro Cantalamessa has remained a commissioner for the Board of Trumbull County Commissioners during the dates described in Plaintiff's Complaint, and that Frank Fuda is a former commissioner. The answering Defendants

3

deny each and every remaining allegation contained in paragraph 18 of Plaintiff's Complaint not specifically admitted herein as true.

19.     The answering Defendants aver that the allegations in paragraph 19 of Plaintiff's Complaint are vague and ambiguous and thus deny the allegations for the same.

20.     The answering Defendants aver that the allegations in paragraph 20 of Plaintiff's Complaint are vague and ambiguous and thus deny the allegations for the same.

21.     The answering Defendants aver that the allegations in paragraph 21 of Plaintiff's Complaint are vague and ambiguous and thus deny the allegations for the same.

22.     The answering Defendants aver that the allegations in paragraph 22 of Plaintiff's Complaint are vague and ambiguous and thus deny the allegations for the same.

23.     The answering Defendants admits only that Commissioner Frenchko referenced a letter she received from a person purporting to be a mother of an inmate at the Trumbull County Jail during the June 1, 2022 meeting. Further answering, the answering Defendants aver the letter is not attached to Plaintiff's Complaint, in contravention of Fed. R. Civ. P. 10(c), and thus deny for the same. The answering Defendants deny each and every remaining allegation contained in paragraph 23 of Plaintiff's Complaint not specifically admitted herein as true.

24.     The answering Defendants aver the referenced letter speaks for itself. Further answering, the answering Defendants aver the referenced letter is not attached to Plaintiff's Complaint, in contravention of Fed. R. Civ. P. 10(c), and thus deny for the same. The answering Defendants deny each and every remaining allegation contained in paragraph 24 of Plaintiff's Complaint not specifically admitted herein as true.

25.     The answering Defendants aver the referenced letter speaks for itself. Further answering, the answering Defendants aver the referenced letter is not attached to Plaintiff's

Complaint, in contravention of Fed. R. Civ. P. 10(c), and thus deny for the same. Further answering, while Plaintiff references an Exhibit 1 to her Complaint, there was no such exhibit attached. Further answering, the answering Defendants note that said letter was not sent on June 2, 2022, but rather on July 5, 2022. The answering Defendants deny each and every remaining allegation contained in paragraph 25 of Plaintiff's Complaint not specifically admitted herein as true.

26.     The answering Defendants aver the referenced letter speaks for itself. Further answering, the answering Defendants aver the referenced letter is not attached to Plaintiff's Complaint, in contravention of Fed. R. Civ. P. 10(c), and thus deny for the same. The answering Defendants deny each and every remaining allegation contained in paragraph 26 of Plaintiff's Complaint not specifically admitted herein as true.

27.     The answering Defendants aver the referenced letter speaks for itself. Further answering, the answering Defendants aver the referenced letter is not attached to Plaintiff's Complaint, in contravention of Fed. R. Civ. P. 10(c), and thus deny for the same. The answering Defendants deny each and every remaining allegation contained in paragraph 27 of Plaintiff's Complaint not specifically admitted herein as true.

28.     The answering Defendants aver the referenced letter speaks for itself. Further answering, the answering Defendants aver the referenced letter is not attached to Plaintiff's Complaint, in contravention of Fed. R. Civ. P. 10(c), and thus deny for the same. The answering Defendants deny each and every remaining allegation contained in paragraph 28 of Plaintiff's Complaint not specifically admitted herein as true.

29.     The answering Defendants aver the referenced letter speaks for itself. Further answering, the answering Defendants aver the referenced letter is not attached to Plaintiff's

Complaint, in contravention of Fed. R. Civ. P. 10(c), and thus deny for the same. The answering Defendants deny each and every remaining allegation contained in paragraph 29 of Plaintiff's Complaint not specifically admitted herein as true.

30.     In response to the allegations set forth in paragraph 30 of Plaintiff's Complaint, the answering Defendants aver only that Sheriff Monroe's letter speaks for itself. Further answering, the answering Defendants aver the referenced letter is not attached to Plaintiff's Complaint, in contravention of Fed. R. Civ. P. 10(c), and thus deny for the same. The answering Defendants deny each and every remaining allegation contained in paragraph 30 of Plaintiff's Complaint not specifically admitted herein as true.

31.     In response to the allegations set forth in paragraph 31 of Plaintiff's Complaint, the answering Defendants aver only that Sheriff Monroe's letter speaks for itself. Further answering, the answering Defendants aver the referenced letter is not attached to Plaintiff's Complaint, in contravention of Fed. R. Civ. P. 10(c), and thus deny for the same. The answering Defendants deny each and every remaining allegation contained in paragraph 31 of Plaintiff's Complaint not specifically admitted herein as true.

32.     In response to the allegations set forth in paragraph 32 of Plaintiff's Complaint, the answering Defendants aver only that Sheriff Monroe's letter speaks for itself. Further answering, the answering Defendants aver the referenced letter is not attached to Plaintiff's Complaint, in contravention of Fed. R. Civ. P. 10(c), and thus deny for the same.  The answering Defendants deny each and every remaining allegation contained in paragraph 32 of Plaintiff's Complaint not specifically admitted herein as true.

33.     The answering Defendants deny the allegations in paragraph 33 of Plaintiff's Complaint.

34.     The answering Defendants admit only that Sergeant Wix and Sergeant Ross attended the July 7, 2022 Commissioners Meeting. The answering Defendants deny the allegation that the referenced meeting occurred on June 7, 2022 and instead aver that the referenced meeting occurred on July 7, 2022. The answering Defendants deny each and every remaining allegation contained in paragraph 34 of Plaintiff's Complaint not specifically admitted herein as true.

35.     The answering Defendants deny the allegations in paragraph 35 of Plaintiff's Complaint. Further answering, the answering Defendants aver it was the normal practice for one or more Trumbull County officers to attend the Commissioners Meetings, sometimes at the request of Plaintiff.

36.     The answering Defendants deny the allegations in paragraph 36 of Plaintiff's Complaint.

37.     The answering Defendants deny the allegations in paragraph 37 of Plaintiff's Complaint.

38.     The answering Defendants admit only that the Clerk read Sheriff Monroe's letter. The answering Defendants deny each and every remaining allegation contained in paragraph 38 of Plaintiff's Complaint not specifically admitted herein as true.

39.     The answering Defendants admit only that the Clerk read Sheriff Monroe's letter. The answering Defendants deny each and every remaining allegation contained in paragraph 39 of Plaintiff's Complaint not specifically admitted herein as true.

40.     The answering Defendants admit only that Plaintiff interrupted the Clerk's reading of Sheriff Monroe's letter. The answering Defendants deny each and every remaining allegation contained in paragraph 40 of Plaintiff's Complaint not specifically admitted herein as true.

41.     The answering Defendants deny the allegations in paragraph 41 of Plaintiff's Complaint.

42.     The answering Defendants deny the allegations in paragraph 42 of Plaintiff's Complaint.

43.     The answering Defendants admit only that Plaintiff continued her interruptions of the Clerk's reading of Sheriff Monroe's letter. The answering Defendants deny each and every remaining allegation contained in paragraph 43 of Plaintiff's Complaint not specifically admitted herein as true.

44.     In response to the allegations in paragraph 44 of Plaintiff's Complaint, the answering Defendants aver the quoted language appears to be excerpted from a video of the incident. The answering Defendants aver that to the extent this language comes from a video, said video speaks for itself. Further answering, the answering Defendants deny Plaintiff's characterization of the incident. Further answering, the answering Defendants aver the referenced video is not attached to Plaintiff's Complaint, in contravention of Fed. R. Civ. P. 10(c), and thus deny for the same. The answering Defendants deny each and every remaining allegation contained in paragraph 44 of Plaintiff's Complaint not specifically admitted herein as true.

45.     The answering Defendants deny the allegations in paragraph 45 of Plaintiff's Complaint.

46.     The answering Defendants deny the allegations in paragraph 46 of Plaintiff's Complaint.

47.     The answering Defendants deny the allegations in paragraph 47 of Plaintiff's Complaint.

48.    The answering Defendants admit only that the Clerk was directed to read Sheriff Monroe's letter. The answering Defendants deny each and every remaining allegation contained in paragraph 48 of Plaintiff's Complaint not specifically admitted herein as true.

49.    The answering Defendants deny the allegations in paragraph 49 of Plaintiff's Complaint.

50.    The answering Defendants admit only that Commissioner Cantalamessa informed Plaintiff she was disrupting the meeting. The answering Defendants deny each and every remaining allegation contained in paragraph 50 of Plaintiff's Complaint not specifically admitted herein as true.

51.    The answering Defendants deny the allegations in paragraph 51 of Plaintiff's Complaint.

52.    The answering Defendants deny the allegations in paragraph 52 of Plaintiff's Complaint

53.    The answering Defendants deny the allegations in paragraph 53 of Plaintiff's Complaint.

54.    The answering Defendants aver the incident described in Plaintiff's Complaint was captured on video. The answering Defendants aver the video speaks for itself. Further answering, the answering Defendants deny Plaintiff's characterization of the incident. Further answering, the answering Defendants aver the referenced video is not attached to Plaintiff's Complaint, in contravention of Fed. R. Civ. P. 10(c), and thus deny for the same. The answering Defendants deny each and every remaining allegation contained in paragraph 54 of Plaintiff's Complaint not specifically admitted herein as true.

55.     The answering Defendants aver the interaction described in paragraph 55 of Plaintiff's Complaint was captured on a video of the incident. The answering Defendants aver the video speaks for itself. Further answering, the answering Defendants deny Plaintiff's characterization of the incident. Further answering, the answering Defendants aver the referenced video is not attached to Plaintiff's Complaint, in contravention of Fed. R. Civ. P. 10(c), and thus deny for the same. The answering Defendants deny each and every remaining allegation contained in paragraph 55 of Plaintiff's Complaint not specifically admitted herein as true.

56.     The answering Defendants aver the interaction described in paragraph 56 of Plaintiff's Complaint was captured on a video of the incident. The answering Defendants aver the video speaks for itself. Further answering, the answering Defendants deny Plaintiff's characterization of the incident. Further answering, the answering Defendants aver the referenced video is not attached to Plaintiff's Complaint, in contravention of Fed. R. Civ. P. 10(c), and thus deny for the same. The answering Defendants deny each and every remaining allegation contained in paragraph 56 of Plaintiff's Complaint not specifically admitted herein as true.

57.     The answering Defendants deny the allegations in paragraph 57 of Plaintiff's Complaint.

58.     The answering Defendants admit only that Plaintiff was arrested and charged for disturbing a public meeting. The answering Defendants deny each and every remaining allegation contained in paragraph 58 of Plaintiff's Complaint not specifically admitted herein as true.

59.     The answering Defendants admit only that Plaintiff was criminally charged for disturbing a public meeting under R.C. 2917.12. The answering Defendants deny each and every remaining allegation contained in paragraph 59 of Plaintiff's Complaint not specifically admitted herein as true.

60.     The answering Defendants deny the allegations in paragraph 60 of Plaintiff's Complaint.

61.     The answering Defendants admit only that R.C. 2917.12 speaks for itself. The answering Defendants deny each and every remaining allegation contained in paragraph 61 of Plaintiff's Complaint not specifically admitted herein as true.

62.     The answering Defendants aver only that R.C. 2917.12 speaks for itself. The answering Defendants deny each and every remaining allegation contained in paragraph 62 of Plaintiff's Complaint not specifically admitted herein as true.

63.     The allegations contained in paragraph 63 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 63 of Plaintiff's Complaint.

64.     The allegations contained in paragraph 64 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 64 of Plaintiff's Complaint.

65.     The allegations contained in paragraph 65 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants admit only that R.C. 2917.12 speaks for itself. The answering Defendants deny each and every remaining allegation contained in paragraph 65 of Plaintiff's Complaint not specifically admitted herein as true.

66.     The answering Defendants deny the allegations in paragraph 66 of Plaintiff's Complaint.

67.     In response to the allegations in paragraph 67 of Plaintiff's Complaint, the answering Defendants admit only that Commissioner Cantalamessa made a statement to reporters,

and a portion of a statement has been excerpted in Plaintiff's Complaint. The answering Defendants deny each and every remaining allegation contained in paragraph 67 of Plaintiff's Complaint not specifically admitted herein as true.

68.     The answering Defendants deny the allegations in paragraph 68 of Plaintiff's Complaint.

69.     The answering Defendants deny the allegations in paragraph 69 of Plaintiff's Complaint for want of knowledge or information.

70.     The answering Defendants deny the allegations in paragraph 70 of Plaintiff's Complaint for want of knowledge or information.

71.     The answering Defendants deny the allegations in paragraph 71 of Plaintiff's Complaint for want of knowledge or information.

72.     The answering Defendants deny the allegations in paragraph 72 of Plaintiff's Complaint.

73.     The answering Defendants deny the allegations in paragraph 73 of Plaintiff's Complaint.

74.     The answering Defendants deny the allegations in paragraph 74 of Plaintiff's Complaint for want of knowledge or information.

75.     The allegations contained in paragraph 75 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 75 of Plaintiff's Complaint.

76.     The allegations contained in paragraph 76 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 76 of Plaintiff's Complaint.

77.     The answering Defendants admit only that, upon information and belief, the criminal case against Commissioner Frenchko was dismissed. The answering Defendants deny each and every allegation in paragraph 77 of Plaintiff's Complaint not specifically admitted herein as true.

78.     The answering Defendants deny the allegations in paragraph 78 of Plaintiff's Complaint for want or knowledge or information.

79.     The answering Defendants deny the allegations in paragraph 79 of Plaintiff's Complaint.

80.     The answering Defendants deny the allegations in paragraph 80 of Plaintiff's Complaint.

81.     The answering Defendants deny the allegations in paragraph 81 of Plaintiff's Complaint.

82.     The answering Defendants deny the allegations in paragraph 82 of Plaintiff's Complaint.

83.     The answering Defendants admit only that Sheriff Monroe has attended a Commissioners' Meeting in person. The answering Defendants deny each and every allegation in paragraph 83 of Plaintiff's Complaint not specifically admitted herein as true.

84.     The answering Defendants admit the allegations in paragraph 84 of Plaintiff's Complaint upon information and belief. Further answering, the answering Defendants aver that the referenced video was not attached to Plaintiff's Complaint, in contravention of Fed. R. Civ. P. 10(c), and thus deny for the same. The answering Defendants deny each and every remaining allegation contained in paragraph 84 of Plaintiff's Complaint not specifically admitted herein as true.

85.     The answering Defendants admit the allegations in paragraph 85 of Plaintiff's Complaint.

86.     The answering Defendants admit the allegations in paragraph 86 of Plaintiff's Complaint.

87.     The answering Defendants deny the allegations in paragraph 87 of Plaintiff's Complaint.

88.     The answering Defendants aver the referenced video speaks for itself. Further answering, the answering Defendants aver the video was not attached to Plaintiff's Complaint, in contravention of Fed. R. Civ. P. 10(c), and thus deny for the same. The answering Defendants deny each and every remaining allegation contained in paragraph 88 of Plaintiff's Complaint not specifically admitted herein as true.

89.     The answering Defendants aver the referenced video speaks for itself. Further answering, the answering Defendants aver the video was not attached to Plaintiff's Complaint, in contravention of Fed. R. Civ. P. 10(c), and thus deny for the same. The answering Defendants deny each and every remaining allegation contained in paragraph 89 of Plaintiff's Complaint not specifically admitted herein as true.

90.     The allegations contained in paragraph 90 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 90 of Plaintiff's Complaint.

91.     The allegations contained in paragraph 91 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations in paragraph 91 of Plaintiff's Complaint.

14

92.     The allegations in paragraph 92 of Plaintiff's Complaint are vague and ambiguous, and thus the answering Defendants deny the allegations in paragraph 92 of Plaintiff's Complaint for the same.

93.     The allegations contained in paragraph 93 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations in paragraph 93 of Plaintiff's Complaint.

94.     The answering Defendants aver the referenced video speaks for itself. Further answering, the answering Defendants aver the video was not attached to Plaintiff's Complaint, in contravention of Fed. R. Civ. P. 10(c), and thus deny for the same. The answering Defendants deny each and every remaining allegation contained in paragraph 94 of Plaintiff's Complaint not specifically admitted herein as true.

95.     The answering Defendants aver the referenced video speaks for itself. Further answering, the answering Defendants aver the video was not attached to Plaintiff's Complaint, in contravention of Fed. R. Civ. P. 10(c), and thus deny for the same. The answering Defendants deny each and every remaining allegation contained in paragraph 95 of Plaintiff's Complaint not specifically admitted herein as true.

96.     The answering Defendants deny the allegations in paragraph 96 of Plaintiff's Complaint.

97.     The answering Defendants deny the allegations in paragraph 97 of Plaintiff's Complaint.

98.     The answering Defendants deny the allegations in paragraph 98 of Plaintiff's Complaint.

99.     The answering Defendants admit only that a news publication drafted an article relating to their perception of the video of the subject incident described in Plaintiff's Complaint. The answering Defendants further states such publication speaks for itself. The answering Defendants deny each and every allegation in paragraph 99 of Plaintiff's Complaint not specifically admitted herein as true.

100.    The answering Defendants deny the allegations in paragraph 100 of Plaintiff's Complaint.

101.    The answering Defendants deny the allegations in paragraph 101 of Plaintiff's Complaint.

102.    The answering Defendants deny the allegations in paragraph 102 of Plaintiff's Complaint.

103.    The answering Defendants deny the allegations in paragraph 103 of Plaintiff's Complaint.

104.    The answering Defendants deny the allegations in paragraph 104 of Plaintiff's Complaint.

105.    The answering Defendants deny the allegations in paragraph 105 of Plaintiff's Complaint.

106.    The answering Defendants deny the allegations in paragraph 106 of Plaintiff's Complaint.

107.    In response to the allegations contained in Paragraph 107 of Plaintiff's Complaint, the answering Defendants incorporate by reference as if fully rewritten herein, their responses and denials to paragraphs 1 through 106 of Plaintiff's Complaint.

108.    The allegations contained in paragraph 108 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 108 of Plaintiff's Complaint.

109.    The allegations contained in paragraph 109 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 109 of Plaintiff's Complaint.

110.    The allegations contained in paragraph 110 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 110 of Plaintiff's Complaint.

111.    The allegations contained in paragraph 111 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 111 of Plaintiff's Complaint.

112.    The allegations contained in paragraph 112 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 112 of Plaintiff's Complaint.

113.    The allegations contained in paragraph 113 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 113 of Plaintiff's Complaint.

114.    The answering Defendants deny the allegations in paragraph 114 of Plaintiff's Complaint.

115.    The answering Defendants deny the allegations in paragraph 115 of Plaintiff's Complaint.

116.    The answering Defendants deny the allegations in paragraph 116 of Plaintiff's Complaint.

117.    In response to the allegations contained in Paragraph 117 of Plaintiff's Complaint, the answering Defendants incorporate by reference as if fully rewritten herein, their responses and denials to paragraphs 1 through 116 of Plaintiff's Complaint.

118.    The allegations contained in paragraph 118 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 118 of Plaintiff's Complaint.

119.    The allegations contained in paragraph 119 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 119 of Plaintiff's Complaint.

120.    The allegations contained in paragraph 120 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 120 of Plaintiff's Complaint.

121.    The allegations contained in paragraph 121 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 121 of Plaintiff's Complaint.

122.    The answering Defendants deny the allegations in paragraph 122 of Plaintiff's Complaint.

123.    The answering Defendants deny the allegations in paragraph 123 of Plaintiff's Complaint.

124.    In response to the allegations contained in Paragraph 124 of Plaintiff's Complaint, the answering Defendants incorporate by reference as if fully rewritten herein, their responses and denials to paragraphs 1 through 123 of Plaintiff's Complaint.

125.    The answering Defendants deny the allegations in paragraph 125 of Plaintiff's Complaint.

126.    The allegations contained in paragraph 126 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 126 of Plaintiff's Complaint.

127.    The allegations contained in paragraph 127 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 127 of Plaintiff's Complaint.

128.    The allegations contained in paragraph 128 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 128 of Plaintiff's Complaint.

129.    The answering Defendants deny the allegations in paragraph 129 of Plaintiff's Complaint.

130.    The answering Defendants deny the allegations in paragraph 130 of Plaintiff's Complaint.

131.    The answering Defendants deny the allegations in paragraph 131 of Plaintiff's Complaint.

132.    The answering Defendants deny the allegations in paragraph 132 of Plaintiff's Complaint.

133. The answering Defendants deny the allegations in paragraph 133 of Plaintiff's Complaint.

134. The answering Defendants deny the allegations in paragraph 134 of Plaintiff's Complaint.

135. In response to the allegations contained in Paragraph 135 of Plaintiff's Complaint, the answering Defendants incorporate by reference as if fully rewritten herein, their responses and denials to paragraphs 1 through 134 of Plaintiff's Complaint.

136. The answering Defendants deny the allegations in paragraph 136 of Plaintiff's Complaint.

137. The answering Defendants deny the allegations in paragraph 137 of Plaintiff's Complaint.

138. The answering Defendants deny the allegations in paragraph 138 of Plaintiff's Complaint.

139. The answering Defendants deny the allegations in paragraph 139 of Plaintiff's Complaint.

140. The answering Defendants deny the allegations in paragraph 140 of Plaintiff's Complaint.

141. The answering Defendants deny the allegations in paragraph 141 of Plaintiff's Complaint.

142. The answering Defendants deny the allegations in paragraph 142 of Plaintiff's Complaint.

143. The answering Defendants deny the allegations in paragraph 143 of Plaintiff's Complaint.

144.     The answering Defendants deny the allegations in paragraph 144 of Plaintiff's Complaint.

145.     The answering Defendants deny the allegations in paragraph 145 of Plaintiff's Complaint.

146.     In response to the allegations contained in Paragraph 146 of Plaintiff's Complaint, the answering Defendants incorporate by reference as if fully rewritten herein, their responses and denials to paragraphs 1 through 145 of Plaintiff's Complaint.

147.     The answering Defendants deny the allegations in paragraph 147 of Plaintiff's Complaint.

148.     The answering Defendants admit only that Plaintiff was restrained and arrested. The answering Defendants deny each and every allegation in paragraph 148 of Plaintiff's Complaint not specifically admitted herein as true.

149.     The answering Defendants admit the allegations in paragraph 149 of Plaintiff's Complaint.

150.     The answering Defendants deny the allegations in paragraph 150 of Plaintiff's Complaint.

151.     The answering Defendants deny the allegations in paragraph 151 of Plaintiff's Complaint.

152.     The answering Defendants deny the allegations in paragraph 152 of Plaintiff's Complaint.

153.     In response to the allegations contained in Paragraph 153 of Plaintiff's Complaint, the answering Defendants incorporate by reference as if fully rewritten herein, their responses and denials to paragraphs 1 through 152 of Plaintiff's Complaint.

154.    The answering Defendants deny the allegations in paragraph 154 of Plaintiff's Complaint.

155.    The answering Defendants deny the allegations in paragraph 155 of Plaintiff's Complaint.

156.    The answering Defendants deny the allegations in paragraph 156 of Plaintiff's Complaint.

157.    The answering Defendants deny the allegations in paragraph 157 of Plaintiff's Complaint.

158.    The answering Defendants deny the allegations in paragraph 158 of Plaintiff's Complaint.

159.    The answering Defendants deny the allegations in paragraph 159 of Plaintiff's Complaint.

160.    In response to the allegations contained in Paragraph 160 of Plaintiff's Complaint, the answering Defendants incorporate by reference as if fully rewritten herein, their responses and denials to paragraphs 1 through 159 of Plaintiff's Complaint.

161.    The answering Defendants deny the allegations in paragraph 161 of Plaintiff's Complaint.

162.    The answering Defendants deny the allegations in paragraph 162 of Plaintiff's Complaint.

163.    The answering Defendants deny the allegations in paragraph 163 of Plaintiff's Complaint.

164.    In response to the allegations contained in Paragraph 164 of Plaintiff's Complaint, the answering Defendants incorporate by reference as if fully rewritten herein, their responses and denials to paragraphs 1 through 163 of Plaintiff's Complaint.

165.    The answering Defendants deny the allegations in paragraph 165 of Plaintiff's Complaint.

166.    The answering Defendants deny the allegations in paragraph 166 of Plaintiff's Complaint.

167.    The answering Defendants deny the allegations in paragraph 167 of Plaintiff's Complaint.

168.    The answering Defendants deny the allegations in paragraph 168 of Plaintiff's Complaint for want of knowledge or information.

169.    The answering Defendants deny the allegations in paragraph 169 of Plaintiff's Complaint.

170.    The answering Defendants deny the allegations in paragraph 170 of Plaintiff's Complaint.

171.    The answering Defendants deny the allegations in paragraph 171 of Plaintiff's Complaint.

172.    In response to the allegations contained in Paragraph 172 of Plaintiff's Complaint, the answering Defendants incorporate by reference as if fully rewritten herein, their responses and denials to paragraphs 1 through 171 of Plaintiff's Complaint.

173.    In response to the allegations contained in paragraph 173 of Plaintiff's Complaint, the answering Defendants admit only that Sheriff Monroe attended a public meeting. The

answering Defendants deny each and every allegation contained in paragraph 173 of Plaintiff's Complaint not specifically admitted herein as true.

174.    The answering Defendants deny the allegations in paragraph 174 of Plaintiff's Complaint.

175.    The answering Defendants deny the allegations in paragraph 175 of Plaintiff's Complaint.

176.    The answering Defendants deny the allegations in paragraph 176 of Plaintiff's Complaint.

177.    The answering Defendants deny the allegations in paragraph 177 of Plaintiff's Complaint.

178.    In response to the allegations contained in Paragraph 178 of Plaintiff's Complaint, the answering Defendants incorporate by reference as if fully rewritten herein, their responses and denials to paragraphs 1 through 177 of Plaintiff's Complaint.

179.    The answering Defendants deny the allegations in paragraph 179 of Plaintiff's Complaint.

180.    The answering Defendants deny the allegations in paragraph 180 of Plaintiff's Complaint.

181.    The answering Defendants deny the allegations in paragraph 181 of Plaintiff's Complaint.

182.    The answering Defendants deny the allegations in paragraph 182 of Plaintiff's Complaint.

183.    The answering Defendants deny the allegations in paragraph 183 of Plaintiff's Complaint.

184.    The answering Defendants deny the allegations in paragraph 184 of Plaintiff's Complaint.

185.    In response to the allegations contained in Paragraph 185 of Plaintiff's Complaint, the answering Defendants incorporate by reference as if fully rewritten herein, their responses and denials to paragraphs 1 through 184 of Plaintiff's Complaint.

186.    The answering Defendants deny the allegations in paragraph 186 of Plaintiff's Complaint.

187.    The answering Defendants deny the allegations in paragraph 187 of Plaintiff's Complaint.

188.    The answering Defendants deny the allegations in paragraph 188 of Plaintiff's Complaint.

189.    The answering Defendants admit only that R.C. 2921.12(A)(1) is a statute and said statute speaks for itself. The answering Defendants deny each and every remaining allegation in paragraph 189 of Plaintiff's Complaint not specifically admitted herein as true.

190.    The answering Defendants deny the allegations in paragraph 190 of Plaintiff's Complaint.

191.    The answering Defendants deny the allegations in paragraph 191 of Plaintiff's Complaint.

192.    The answering Defendants deny the allegations in paragraph 192 of Plaintiff's Complaint for want of knowledge and information.

193.    The answering Defendants deny the allegations in paragraph 193 of Plaintiff's Complaint.

194.    The answering Defendants deny the allegations in paragraph 194 of Plaintiff's Complaint.

195.    The answering Defendants deny the allegations in paragraph 195 of Plaintiff's Complaint.

196.    In response to the allegations contained in Paragraph 196 of Plaintiff's Complaint, the answering Defendants incorporate by reference as if fully rewritten herein, their responses and denials to paragraphs 1 through 195 of Plaintiff's Complaint.

197.    The answering Defendants deny the allegations in paragraph 197 of Plaintiff's Complaint.

198.    The answering Defendants admit only that R.C. 2921.45 is a statute and said statute speaks for itself. The answering Defendants deny each and every remaining allegation in paragraph 198 of Plaintiff's Complaint not specifically admitted herein as true.

199.    The answering Defendants deny the allegations in paragraph 199 of Plaintiff's Complaint.

200.    The answering Defendants deny the allegations in paragraph 200 of Plaintiff's Complaint.

201.    The answering Defendants deny the allegations in paragraph 201 of Plaintiff's Complaint.

202.    In response to the allegations contained in Paragraph 202 of Plaintiff's Complaint, the answering Defendants incorporate by reference as if fully rewritten herein, their responses and denials to paragraphs 1 through 201 of Plaintiff's Complaint.

203.    The answering Defendants deny the allegations in paragraph 203 of Plaintiff's Complaint.

204.    The answering Defendants deny the allegations in paragraph 204 of Plaintiff's Complaint.

205.    The allegations contained in paragraph 205 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 205 of Plaintiff's Complaint.

206.    The answering Defendants deny the allegations in paragraph 206 of Plaintiff's Complaint.

207.    The answering Defendants deny the allegations in paragraph 207 of Plaintiff's Complaint.

208.    The answering Defendants deny the allegations in paragraph 208 of Plaintiff's Complaint.

209.    In response to the allegations contained in Paragraph 209 of Plaintiff's Complaint, the answering Defendants incorporate by reference as if fully rewritten herein, their responses and denials to paragraphs 1 through 208 of Plaintiff's Complaint.

210.    The answering Defendants deny the allegations in paragraph 210 of Plaintiff's Complaint.

211.    The allegations contained in paragraph 211 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 211 of Plaintiff's Complaint.

212.    The answering Defendants deny the allegations in paragraph 212 of Plaintiff's Complaint.

213.    The remaining portions of Plaintiff's Complaint contain a demand for relief to which no response is required. To the extent a response is required, the answering Defendants deny

the allegations and requests in the remaining portions of Plaintiff's Complaint, including all subparts.

214.    The answering Defendants deny each and every allegation, including all subparts, not specifically admitted herein as true.

## AFFIRMATIVE DEFENSES

1.    There was probable cause for Plaintiff's arrest.

2.    Plaintiff's Complaint fails to state a claim for relief against the answering Defendants.

3.    Plaintiff is barred from relief because the answering Defendants acted in good faith.

4.    Plaintiff is barred from relief because the answering Defendants acted lawfully at all times.

5.    Some of Plaintiff's claims are not before the proper jurisdiction and thus are not justiciable in this Court.

6.    Some of Plaintiff's claims are not before the proper venue and thus should be denied by this Court.

7.    Some of Plaintiff's Complaint fails to identify a viable cause of action for civil liability.

8.    Plaintiff's conduct, in whole or in part, bars Plaintiff's claims for relief.

9.    Plaintiff's claims may be barred, in whole or in part, by a failure to mitigate damages.

10.    Plaintiff's claims for damages should be denied but to the extent damages are awarded, such damages may be barred, in whole or in part, by prior to, subsequent intervening, or

superseding acts, omissions or causes, and/or by the acts or omissions of individuals or entities over whom these answering Defendants had no control or right of control.

11.     Plaintiff's claims may be barred by Plaintiff's failure to join any party or parties under Rule 19 and/or 19.1.

12.     Plaintiff's claims are barred against the answering Defendants because the answering Defendants did not proximately cause any injury to Plaintiff.

13.     With regard to any claims concerning Plaintiff's detention at the jail or incarceration, Plaintiff's claims may be barred or limited by a failure to exhaust all administrative remedies and/or provisions of the Prison Litigation Reform Act, 42 U.S.C. §1997e, including any authorization of attorney's fees.

14.     To the extent Plaintiff seeks injunctive and or declaratory relief, Plaintiff failed to properly move.

15.     The answering Defendants are entitled to immunity, including statutory, absolute, and qualified immunity, and also immunity from punitive damages.

16.     Plaintiff's claims against these answering Defendants are expressly subject to, barred, or limited by the provisions of Ohio's Political Subdivision Tort Immunity Statute, Ohio Revised Code Chapter 2744.

17.     Plaintiff's Complaint fails to state facts sufficient to entitle Plaintiff to an award of punitive damages against these answering Defendants.

18.     Plaintiff's claims for punitive damages cannot be sustained because the conduct of the answering Defendants did not show complete indifference to or conscious disregard for the safety of Plaintiff or any others.

19.     To the extent Plaintiff seeks punitive damages or exemplary damages against these answering Defendants, an award of those types is contrary to the United States and Ohio Constitutions, as well as federal and state statutes, and is therefore not available to Plaintiff.

20.     Damages should not be awarded to Plaintiff in this case but to the extent they are, the answering Defendants are entitled to a setoff of damages and/or limitation of damages pursuant to federal and state statutes.

21.     Plaintiff actively participated in the publicization and monetization of her arrest, which bars or reduces her ability to recover for alleged humiliation and alleged emotional damage.

22.     Some of Plaintiff's requested relief cannot be awarded by this Court.

23.     The answering Defendants hereby give notice that they intend to rely upon and utilize any other affirmative defense or defenses that might become available or apparent during the course of discovery and hereby reserve the right to amend this Answer to assert such defense or defenses.

Respectfully Submitted,

s/ Daniel T. Downey
Daniel T. Downey (0063753)
Helen K. Sudhoff (0101259)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
7775 Walton Parkway, Suite 200
New Albany, OH  43054
(614) 221-1216 – Telephone
(614) 221-8769 – Facsimile
ddowney@fisheldowney.com
hsudhoff@fisheldowney.com
*Counsel for Defendants Sheriff Paul Monroe,*
*Trumbull County, Trumbull County Board of*
*Commissioners, Trumbull County Sheriff's Office,*
*Mauro Cantalamessa, and Frank Fuda*

**JURY DEMAND**

Defendants hereby demand a trial by jury on all issues herein triable.

s/ Daniel T. Downey
Daniel T. Downey (0063753)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
*Counsel for Defendants Sheriff Paul Monroe,
Trumbull County, Trumbull County Board of
Commissioners, Trumbull County Sheriff's Office,
Mauro Cantalamessa, and Frank Fuda*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing **Answer** was served, via the Court's CM/ECF system, upon all counsel this 10th day of May, 2023.

s/ Daniel T. Downey
Daniel T. Downey (0063753)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
*Counsel for Defendants Sheriff Paul Monroe,
Trumbull County, Trumbull County Board of
Commissioners, Trumbull County Sheriff's Office,
Mauro Cantalamessa, and Frank Fuda*