**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

NIKI FRENCHKO,                                                    :

                Plaintiff,                    :          Case No. 4:23-cv-00781

*vs.*                                                                    :          Judge J. Philip Calabrese

PAUL MONROE, *et al.*,                                      :

                Defendants.                  :


**<u>DEFENDANTS HAROLD WIX AND ROBERT ROSS'S OBJECTIONS TO
PLAINTIFF'S CELL PHONE SUBPOENAS (DOC. 15)</u>**

Modern cell phones are not just another technological convenience. With all they contain and all they may reveal, they hold for many Americans 'the privacies of life.' *Riley v. California*, 573 U.S. 373, 403, 134 S. Ct. 2473, 189 L. Ed. 2d 430 (2014). Accordingly, personal cell phones are afforded special privacy protections. *Id*, generally. Courts have applied *Riley's* observations about the privacy concerns implicated by modern cell phones to the context of civil discovery. Further, the Federal Rules of Civil Procedure limit discovery to that which is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). In this case, Plaintiff's subpoena for Defendants Wix and Ross's cell phone records is overbroad (read: not proportional) in both time and scope. Defendants Wix and Ross object to the subpoena and request that this Court modify the subpoena to limit the information requested. A Memorandum in Support follows below.

/s/ Andrew N. Yosowitz
Andrew N. Yosowitz, trial counsel (0075306)
Matthew S. Teetor            (0087009)
TEETOR | WESTFALL
200 E. Campus View Blvd., Ste. 200
Columbus, Ohio 43235
(614) 412-4000  | Fax (614) 412-9012
email:  ayosowitz@teetorlaw.com

mteetor@teetorlaw.com
*Attorneys for Defendants*
*Harold Wix and Robert Ross*

<u>**MEMORANDUM IN SUPPORT**</u>

**A.**    <u>**RELEVANT FACTS AND PROCEDURE**</u>

    **1.**    **The Timeframe of this Case[1]**

Plaintiff alleges that, on June 1, 2022, she read a letter from the mother of an inmate at the Trumbull County Jail. (Complaint, Doc. 1, ¶ 23, PageID # 6). The letter alleged that the inmate did not receive proper medical care at the jail. (*Id*. at ¶ 24, PageID # 6). June 1, 2022 is the earliest date that any action pertinent to this case is alleged to have occurred. *Id*. Plaintiff alleges that Sheriff Monroe drafted a letter in response and planned to have the clerk read his response at the next Commissioners' meeting on July 7, 2022. (*Id*. at ¶¶ 25, 33, PageID # 6, 7)[2].

During the July 7, 2022 meeting, Clerk Paula Vivoda-Klotz began reading Sheriff Monroe's letter into the record. (*Id*. at ¶ 38, PageID # 7). While the Clerk was reading, Plaintiff interrupted and began speaking in her own defense. (*Id*. at ¶ 39, PageID # 7). Plaintiff alleges that the Defendants began texting each other during the Plaintiff's interruptions. (*Id*. at ¶¶ 41-42, PageID # 7-8). Thus, July 7, 2022 marks the first allegation of any texting or cell phone use relevant to this case.

Plaintiff continued to speak to defend herself and criticize Sheriff Monroe. *Id*. at ¶ 43. The Defendant Commissioners believed that Plaintiff was disrupting the meeting. (*Id*. at ¶¶ 44, 48). In defiance of the other Commissioners (and the Commission's rules), Plaintiff attempted to finish her speck. (*Id*. at ¶ 51). At that point, Defendants Ross and Wix arrested Plaintiff for disrupting a

---

[1] This Objection is focused on the relevant timeframe for Defendants Wix and Ross only.
[2] The Complaint erroneously states that the next meeting was on June 7, 2022. (Complaint, Doc. 1, ¶ 33, PageID # 7). Plaintiff was arrested on July 7, 2022, not June 7, 2022.

public meeting. (*Id*. at ¶ 58). There are no further substantive allegations against Defendants Wix and Ross. (*Id*., generally).

In sum, the only date that Plaintiff alleges any action or cell phone use by Defendants Wix and Ross is July 7, 2022.

### 2. Plaintiff's Overbroad Cell Phone Records Request

In varying forms, Plaintiff has requested all cell phone records for Defendants Wix and Ross for a ninety-day (90) period. (See Subpoena attached hereto as Exhibit 1[3]). Plaintiff has requested the following:

> All phone call logs, text messages, text message logs, data logs, and other records (for time period between May 1, 2022, and August 1, 2022) that show the day, time, and numbers called, texted, and communicated with for the following account holders:
>
> a. Mauro Cantalamessa
> b. Paul Monroe
> c. Harold Wix
> d. Robert Ross

(Subpoena, Exhibit 1). The plain language of Plaintiff's subpoena would require the cell phone provider to turn over all of Defendants Wix and Ross's text messages, including text messages with family and friends, for a time period that well exceeds the time period of Plaintiff's allegations against Defendants Wix and Ross.

### B. LAW AND ARGUMENT

Cell phones, unlike many other sources of data, "place vast quantities of personal information quite literally in the hands of individuals" and "implicate privacy concerns far beyond those implicated by the search of" other physical items. *Riley v. California*, 573 U.S. 373, 386, 389, 134 S. Ct. 2473, 189 L. Ed. 2d 430 (2014). For this reason, both the Federal Rules of Civil

---

[3] The Defendants' cell phone numbers have been redacted from Exhibit 1.

Procedure and the case law, require requests for personal and private electronic date to be narrowly tailored.

We start with the Federal Rules. Federal Rule of Civ. P. 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The Advisory Committee Notes to Fed. R. Civ. P. 34(a) also caution against broad inspection of electronically stored information: "Inspection or testing of certain types of electronically stored information or of a responding party's electronic information system may raise issues of confidentiality or privacy…Courts should guard against undue intrusiveness from inspecting or testing such systems." Fed. R. Civ. P. 34(a) Adv. Comm. Note (2006).

Courts from inside and outside the Sixth Circuit limit the scope of subpoenas and discovery regarding cell phone information. As an initial matter, although *Riley* dealt with the search of digital information on a cell phone incident to lawful arrest, other courts considering cell phone data and related digital information in the context of civil discovery have limited data disclosure based on similar privacy and overreaching concerns. *See e.g. C.H. v. Sch. Bd. of Okaloosa Cty. Fla.*, No. 3:18-CV-2128-MCR-HTC, 2020 U.S. Dist. LEXIS 210848, 2020 WL 6572430, at *4 (N.D. Fla. Nov. 4, 2020) (granting protective order and motion to quash a third-party subpoena seeking extensive cell phone records because "discovery is not meant to be a fishing expedition, and [the movant] has a personal interest in the privacy of her cell phone records."); *Henson v. Turn, Inc.*, 2018 U.S. Dist. LEXIS 181037, 2018 WL 5281629 at *6 (N.D. Cal. Oct. 22, 2018) ("[C]ourts have applied [Riley's] observations about the privacy concerns implicated by modern cell phones

4

[to] the contect of civil discovery."); *Martinez v. Rycars Const., LLC*, No. CV410-049, 2010 U.S. Dist. LEXIS 110546, 2010 WL 4117668, at *2-3 (S.D. Ga. Oct. 18, 2010) (granting a motion to quash a subpoena to telecommunications providers for records of every telephone call to and from anyone for an extended time span as "overbroad and unacceptably annoying."); *Smith v. Pefanis*, No. 1:08-CV-1042-JOF-RGV, 2008 U.S. Dist. LEXIS 126139, 2008 WL 11333335, at *3 (N.D. Ga. Oct. 30, 2008) (granting a motion to quash a subpoena to AT&T for a plaintiff's personal cell phone records, including call logs, text logs, and text messages, for an extended period of time because defendants "have not shown any reason that they should be granted unrestricted access to plaintiff's entire personal cell phone records during the time period specified in the subpoena.").

In *Union Home Mortg. Corp. v. Jenkins*, Case No. 1:20-cv-2690, 2021 U.S. Dist. LEXIS 54129 (N.D. Ohio Mar. 23, 2021), this Court found that requests seeking a "broad array of communications," including text messages, from six individuals over a five-month time-period "without any limitation to any particular subject matter" was overbroad. *Id*. at *15-16. In *Hawn v. Vitas Hospice Servs. LLC*, Case No. 1:19-cv-220, 2020 U.S. Dist. LEXIS 160166 (S.D. Ohio Sept. 2, 2020), the Southern District of Ohio quashed a subpoena to AT&T for "any and all" text messages over a period of time: "Human experiences suggest that the production of the wide-ranging materials sought by the subpoena to AT&T in this case would yield a similarly minute (if any) amount of relevant material. The discovery rules were not designed to permit fishing expeditions." *Id*. at *8.

In this case, the cell phone records subpoenaed by Plaintiff are overbroad in both time and scope. The only date that Sgts. Wix and Ross are alleged to have interacted with Plaintiff is at the Commissioners' meeting on July 7, 2022. (Complaint, Doc. 1, ¶¶ 38, 58, PageID # 7, 9). To be fair, Plaintiff does allege that Sheriff Monroe sent Sgts. Wix and Ross to the July 7, 2022 meeting, so, perhaps a few days leeway prior to July 7, 2022 is permissible. (See *Id*., ¶ 34, PageID # 7).

However, Plaintiff requests cell phone records going all the way back to May 1, 2022. (Subpoena, Exhibit 1). Not only is May 1, 2022, 47 days prior to the meeting at issue, it is 31 days prior to the first allegation of *any* alleged conduct relevant to this case. (See e.g. Complaint, Doc. 1, ¶ 25, PageID # 6). The point is this: Sgts. Wix and Ross are alleged to have been involved in this case on one day, July 7, 2022. Plaintiff's request for their cell phone records should be limited to July 7, 2022 and, perhaps, a few days before July 7, 2022.

Next, Plaintiff's request is overbroad in scope. Plaintiff wants all cell phone records, including, but not limited to, text messages. As currently written, this would include text messages between Sgts. Wix and Ross and their families and friends. Such messages are (1) not relevant and (2) private information. Plaintiff alleges that Defendants were texting each other during the July 7, 2022 meeting. (*Id*. at ¶ 41, PageID # 7). Accordingly, a reasonable limitation in scope would be for Plaintiff to request any text messages, call logs, data logs etc. between the Defendants in this case. Plaintiff already has all the Defendants' cell phone numbers. Alternatively, Plaintiff could restrict the scope to certain search terms such as: "Frenchko," "Arrest," "Disrupt" etc. Plaintiff's current request for "all" phone calls, data logs, text messages and other data is not proportional to the needs of the case and improperly infringes on Defendants Wix and Ross's privacy.

In sum, Defendants Wix and Ross request (1) that Plaintiff's subpoena be quashed or, in the alternative, (2) that Plaintff's subpoenaed be modified to the dates of July 4, 2022 to July 8, 2022 and limited to calls, texts, data between the Defendants only. Defendants' proposed modification would allow Plaintiff to discover if there was any alleged coordination between the Defendants without exposing non-relevant personal information.

For the foregoing reasons, Defendants Wix and Ross respectfully request that their Objection to Plaintiff's subpoena (Doc. 15) be SUSTAINED.

Respectfully submitted,


/s/ Andrew N. Yosowitz
Andrew N. Yosowitz, trial counsel (0075306)
Matthew S. Teetor              (0087009)
TEETOR | WESTFALL
200 E. Campus View Blvd., Ste. 200
Columbus, Ohio 43235
(614) 412-4000  | Fax (614) 412-9012
email:  ayosowitz@teetorlaw.com
mteetor@teetorlaw.com
*Attorneys for Defendants Harold Wix and Robert Ross*


## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


/s/ Andrew N. Yosowitz
Andrew N. Yosowitz, trial counsel (0075306)