IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NIKI FRENCHKO, | : | |
| Plaintiff, | : | Case No. 4:23-cv-00781 |
| *vs.* | : | Judge J. Philip Calabrese |
| PAUL MONROE, *et al.*, | : | **Jury Demand Endorsed Herein** |
| Defendants. | : | |

### ANSWER OF DEFENDANTS HAROLD WIX AND ROBERT ROSS TO PLAINTIFF'S COMPLAINT (DOC. 1)

Now come Defendants Harold Wix and Robert Ross, by and through counsel, and for their Answer to Plaintiff's Complaint state as follows:

1. Answering Paragraph 1 of the Complaint, this Paragraph contains statements of purpose or intent to which no responsive pleading is necessary or appropriate. To the extent that this Paragraph is deemed to allege facts, Defendants deny said facts;

2. Answering Paragraphs 2, 3, 4, 5, 6, and 7 of the Complaint, Defendants admit only that (1) Niki Frechko is a Trumbull County Commissioner, (2) Paul Monroe is the Trumbull County Sheriff, (3) Mauro Cantalamessa is a Trumbull County Commissioner, (4) Frank Fuda was the President of the Trumbull County Board of Commissioners, (5) Sgt. Harold Wix is a deputy with the Trumbull County Sheriff's Department, (6) Sgt. Robert Ross is a deputy with the Trumbull County Sheriff's Department. Defendants deny the remaining facts (1) for want of knowledge sufficient to form an opinion as to the truth or falsity thereof and (2) because parts of these Paragraphs contain statements of purpose or intent to which no responsive pleading is necessary or appropriate;

1

3.  Answering Paragraph 8 of the Complaint, Defendants deny as written. Defendants aver that the Trumbull County Sheriff's Office is a law enforcement agency in Trumbull County, Ohio;

4.  Answering Paragraph 9 of the Complaint, Defendants deny as written. Defendants aver that the Trumbull County Board of Commissioners consists of elected officials with the powers and duties granted to them by the Ohio Revised Code;

5.  Answering Paragraph 10 of the Complaint, Defendants deny the allegations contained therein;

6.  Answering Paragraph 11 of the Complaint, this Paragraph contains statements of purpose or intent to which no responsive pleading is necessary or appropriate. To the extent that this Paragraph is deemed to allege facts, Defendants deny said facts;

7.  Answering Paragraphs 12 and 13 of the Complaint, Defendants deny as written. As currently pled, this Court has federal question jurisdiction over Plaintiff's federal constitutional claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367;

8.  Answering Paragraph 14 of the Complaint, Defendants deny the allegations contained therein;

9.  Answering Paragraph 15 of the Complaint, Defendants admit the allegations contained therein;

10. Answering Paragraphs 16, 17, 18, 19, 20, 21 and 22 of the Complaint, Defendants deny for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

11. Answering Paragraph 23 of the Complaint, Defendants admit only that Commissioner Frenchko referenced a letter she received from a person purporting to be a mother

of an inmate at the Trumbull County Jail during the June 1, 2022 meeting. Further answering, the answering Defendants aver the letter is not attached to Plaintiff's Complaint, in contravention of Fed. R. Civ. P. 10(c), and thus deny for the same. The answering Defendants deny each and every remaining allegation contained in paragraph 23 of Plaintiff's Complaint not specifically admitted herein as true;

12. Answering Paragraph 24 of the Complaint, Defendants aver the referenced letter speaks for itself. Further answering, the answering Defendants aver the referenced letter is not attached to Plaintiff's Complaint, in contravention of Fed. R. Civ. P. 10(c), and thus deny for the same. The answering Defendants deny each and every remaining allegation contained in paragraph 24 of Plaintiff's Complaint not specifically admitted herein as true;

13. Answering Paragraph 25 of the Complaint, Defendants aver the referenced letter speaks for itself. Further answering, the answering Defendants aver the referenced letter is not attached to Plaintiff's Complaint, in contravention of Fed. R. Civ. P. 10(c), and thus deny for the same. Further answering, while Plaintiff references an Exhibit 1 to her Complaint, there was no such exhibit attached. Further answering, the answering Defendants note that said letter was not sent on June 2, 2022, but rather on July 5, 2022. The answering Defendants deny each and every remaining allegation contained in paragraph 25 of Plaintiff's Complaint not specifically admitted herein as true;

14. Answering Paragraph 26 of the Complaint, Defendants aver the referenced letter speaks for itself. Further answering, the answering Defendants aver the referenced letter is not attached to Plaintiff's Complaint, in contravention of Fed. R. Civ. P. 10(c), and thus deny for the same. The answering Defendants deny each and every remaining allegation contained in paragraph 26 of Plaintiff's Complaint not specifically admitted herein as true;

15. Answering Paragraph 27 of the Complaint, Defendants aver the referenced letter speaks for itself. Further answering, the answering Defendants aver the referenced letter is not attached to Plaintiff's Complaint, in contravention of Fed. R. Civ. P. 10(c), and thus deny for the same. The answering Defendants deny each and every remaining allegation contained in paragraph 27 of Plaintiff's Complaint not specifically admitted herein as true;

16. Answering Paragraph 28 of the Complaint, Defendants aver the referenced letter speaks for itself. Further answering, the answering Defendants aver the referenced letter is not attached to Plaintiff's Complaint, in contravention of Fed. R. Civ. P. 10(c), and thus deny for the same. The answering Defendants deny each and every remaining allegation contained in paragraph 28 of Plaintiff's Complaint not specifically admitted herein as true;

17. Answering Paragraph 29 of the Complaint, Defendants aver the referenced letter speaks for itself. Further answering, the answering Defendants aver the referenced letter is not attached to Plaintiff's Complaint, in contravention of Fed. R. Civ. P. 10(c), and thus deny for the same. The answering Defendants deny each and every remaining allegation contained in paragraph 29 of Plaintiff's Complaint not specifically admitted herein as true;

18. Answering Paragraph 30 of the Complaint, the answering Defendants aver only that Sheriff Monroe's letter speaks for itself. Further answering, the answering Defendants aver the referenced letter is not attached to Plaintiff's Complaint, in contravention of Fed. R. Civ. P. 10(c), and thus deny for the same. The answering Defendants deny each and every remaining allegation contained in paragraph 30 of Plaintiff's Complaint not specifically admitted herein as true;

19. Answering Paragraph 31 of the Complaint, the answering Defendants aver only that Sheriff Monroe's letter speaks for itself. Further answering, the answering Defendants aver the referenced letter is not attached to Plaintiff's Complaint, in contravention of Fed. R. Civ. P. 10(c),

and thus deny for the same. The answering Defendants deny each and every remaining allegation contained in paragraph 31 of Plaintiff's Complaint not specifically admitted herein as true;

20. Answering Paragraph 32 of the Complaint, the answering Defendants aver only that Sheriff Monroe's letter speaks for itself. Further answering, the answering Defendants aver the referenced letter is not attached to Plaintiff's Complaint, in contravention of Fed. R. Civ. P. 10(c), and thus deny for the same. The answering Defendants deny each and every remaining allegation contained in paragraph 32 of Plaintiff's Complaint not specifically admitted herein as true;

21. Answering Paragraph 33 of the Complaint, Defendants deny for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

22. Answering Paragraph 34 of the Complaint, Defendants deny the allegations contained therein;

23. Answering Paragraph 35 of the Complaint, Defendants deny for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

24. Answering Paragraph 36 of the Complaint, Defendants deny the allegations contained therein;

25. Answering Paragraph 37 of the Complaint, Defendants deny the allegations contained therein;

26. Answering Paragraph 38 of the Complaint, Defendants admit only that, on July 7, 2022, Clerk Paula Vivoda-Klotz attempted to read a letter from Sheriff Monroe into the records. Defendants deny the remaining allegations contained therein;

27. Answering Paragraph 39 of the Complaint, Defendants admit only that, following multiple interruptions, the Clerk completed reading the letter into the record. Defendants deny the remaining allegations contained therein;

28. Answering Paragraph 40 of the Complaint, Defendants admit that Commissioner Frenchko spoke while the clerk was reading the letter;

29. Answering Paragraph 41 of the Complaint, Defendants deny the allegations contained therein;

30. Answering Paragraph 42 of the Complaint, Defendants deny the allegations contained therein;

31. Answering Paragraph 43 of the Complaint, Defendants admit only that Commissioner Frenchko continued to speak and interrup the meeting. Defendants deny the remaining allegations contained therein;

32. In response to the allegations in paragraph 44 of Plaintiff's Complaint, the answering Defendants aver the quoted language appears to be excerpted from a video of the incident. The answering Defendants aver that to the extent this language comes from a video, said video speaks for itself. Further answering, the answering Defendants deny Plaintiff's characterization of the incident. Further answering, the answering Defendants aver the referenced video is not attached to Plaintiff's Complaint, in contravention of Fed. R. Civ. P. 10(c), and thus deny for the same. The answering Defendants deny each and every remaining allegation contained in paragraph 44 of Plaintiff's Complaint not specifically admitted herein as true;

33. Answering Paragraphs 45, 46 and 47 of the Complaint, Defendants deny the allegations contained therein;

34. Answering Paragraph 48 of the Complaint, Defendants admit only that Commissioner Fuda directed the Clerk to read Sheriff Monroe's letter into the record. Defendants deny the remaining allegations contained therein;

6

35. Answering Paragraph 49 of the Complaint, Defendants deny the allegations contained therein;

36. Answering Paragraph 50 of the Complaint, Defendants admit only that Commissioner Cantalamessa informed Plaintiff she was disrupting the meeting. Defendants deny the remaining allegations contained therein;

37. Answering Paragraph 51 of the Complaint, Defendants admit that Commissioner Frenchko continued to interrupt;

38. Answering Paragraph 52 of the Complaint, Defendants deny the allegations contained therein;

39. Answering Paragraphs 53, 54, 55, 56, 57, 58 and 59 of the Complaint, Defendants admit only that Plaintiff was arrested and charged under R.C. § 2917.12. Defendants deny the remaining allegations contained therein;

40. Answering Paragraph 60 of the Complaint, Defendants deny the allegations contained therein;

41. Answering Paragraph 61 of the Complaint, Defendants admit the allegations contained therein;

42. Answering Paragraphs 62 and 63 of the Complaint, Defendants deny the allegations contained therein;

43. Answering Paragraphs 64 and 65 of the Complaint, Defendants deny for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

44. Answering Paragraph 66 of the Complaint, Defendants deny the allegations contained therein;

45. Answering Paragraph 67 of the Complaint, Defendants deny for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

46. Answering Paragraph 68 of the of the Complaint, Defendants deny the allegations contained therein;

47. Answering Paragraph 69 of the Complaint, Defendants admit the allegations contained therein;

48. Answering Paragraphs 70, 71 and 72 of the Complaint, Defendants deny the allegations for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

49. Answering Paragraph 73 of the Complaint, Defendants deny the allegations contained therein;

50. Answering Paragraphs 74, 75, and 76 of the Complaint, Defendants deny the allegations for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

51. Answering Paragraph 77 of the Complaint, Defendants admit only that the charge was later dismissed. Defendants deny the remaining allegations contained therein;

52. Answering Paragraphs 78, 79, 80, 81, and 82 of the Complaint, Defendants deny the allegations contained therein;

53. Answering Paragraphs 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 012, 103, and 104 of the Complaint, Defendants deny the allegations contained therein;

54. Answering Paragraphs 105 and 106 of the Complaint, Defendants deny the allegations contained therein;

55. Answering Paragraphs 107, 117, 124, 135, 146, 153, 160, 164, 172, 178, 185, 196, 202 and 209 of the Complaint, these Paragraphs contain statements of purpose or intent to which

no responsive pleading is necessary or appropriate. To the extent that these Paragraphs are deemed to allege facts, Defendants deny said facts. Defendants assert all previous averments and denials;

56. Answering Paragraph 108 of the Complaint, this Paragraph states a legal conclusion to which no response is required. To the extent that this Paragraph is deemed to allege facts, Defendants deny said facts;

57. Answering Paragraph 109, 110, 111, 112, 113, 114, 115, and 116 of the Complaint, Defendants deny the allegations contained therein;

58. Answering Paragraph 118 of the Complaint, this Paragraph states a legal conclusion to which no response is required. To the extent that this Paragraph is deemed to allege facts, Defendants deny said facts;

59. Answering Paragraphs 119, 120, 121, 122, 123, and 125 of the Complaint, Defendants deny the allegations contained therein;

60. Answering Paragraphs 126, 127 and 128 of the Complaint, these Paragraphs state a legal conclusion to which no response is required. To the extent that these Paragraphs are deemed to allege facts, Defendants deny said facts;

61. Answering Paragraph 129, 130, 131, 132, 133, 134, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 147, 148, 149, 150, 151, 152, and 154 of the Complaint, Defendants deny the allegations contained therein;

62. Answering Paragraph 155 of the Complaint, Defendants admit only that Plaintiff was charged. Defendants deny the remaining allegations contained therein;

63. Answering Paragraph 156, 157, 158, 159, 161, 162, 163, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 179, 180, 181, 182, 183, 184, 186, 187, 188, 189, 190,

191, 192, 193, 194, 195, 197, 198, 199, 200, 201, 203, 204, 205, 206, 207, 208, 210, 211 and 212 of the Complaint, Defendants deny the allegations contained therein;

64. Defendants deny liability and deny all allegations not specifically admitted herein to be true.

**First Defense**

65. Venue is no proper in this Court;

**Second Defense**

66. Defendants acted in good faith at all times;

**Third Defense**

67. Defendants are entitled to immunity, including statutory, absolute, and qualified immunity. This includes, but is not limited to the provisions of Ohio's Political Subdivision Tort Immunity Statute, Ohio Revised Code Chapter 2744;

**Fourth Defense**

68. Some defendants are non-sui juris;

**Fifth Defense**

69. Plaintiff has failed to state a claim upon which relief may be granted;

**Sixth Defense**

70. Plaintiff's own contributory and/or comparative negligence and/or assumption of the risk may have caused or contributed to cause the injuries and damages of which she complains;

**Seventh Defense**

71. Plaintiff has failed to mitigate here damages in whole or in part;

**Eighth Defense**

72. Defendants hereby reserve the right to assert any other matter constituting an avoidance or affirmative defense for which discovery reveals a basis.

**WHEREFORE**, Defendants demand that Plaintiff's Complaint be dismissed at her cost, and for the cost expended herein.

Respectfully submitted,

/s/ Andrew N. Yosowitz
Andrew N. Yosowitz  (0075306)
E-mail: ayosowitz@teetorlaw.com
Matthew Teetor          (0087009)
E-mail: mteetor@teetorlaw.com
**Teetor Westfall, LLC**
200 E. Campus View Blvd., Suite 200
Columbus, Ohio 43235
Tel: 614-412-4000; Fax: 614-412-9016
*Attorneys for Defendants Harold Wix and Robert Ross*

## JURY DEMAND

A trial by jury composed of the maximum number of jurors permitted by law is hereby demanded.

/s/ Andrew N. Yosowitz
Andrew N. Yosowitz          (0075306)

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Andrew N. Yosowitz
Andrew N. Yosowitz          (0075306)