**From:** David Betras <dbetras@bkmlaws.com>
**Date:** August 24, 2022 at 10:35:49 AM EDT
**To:** Raymond Srp <RSrp@portageco.com>
**Subject: RE: Frenchko**

Dear Attorney Srp,

This email is in response to your email dated august 8th 20202.  Sorry for the delay in getting back to you but I had a murder trial that detracted from my ability to take the time for a response.

Paul Monroe using the word "overbroad" suggests he believes this is a public records request. It is not-- it's Discovery, and the judge has already found the request acceptable, or he would not have signed it. He needs to provide it or tell the judge he's refusing.

The location of devices used to text, send social media messages, and communicate is immaterial. Even if this were a public records request. Messages sent and received on personal devices, children's or spouses' devices would still need to be provided if it related to county business. And again, this is not a records request, it's discovery.  The personal phones of his staff and those requested in the order by the judge are required to be preserved and sent to us.  It does not matter if the sheriff or state does not "control" information-- it must be produced. They knew there was litigation, and they are (or should be aware of) records retention schedules. In furtherance, there is pending litigation, and they should know that certain things should be preserved. NOTE- I was told that the only day the video was preserved was the day of my client's arrest
The camera footage was already explicit in the judge's order, as it centered around the sheriff & commissioners and their staff (and past staff- Misocky) while they were in the building and on the 5th floor. It was abundantly straight forward.

In the video of my client's arrest, you can see a deputy on his phone in the back of the room, its pertinent to know who he was texting and see what it was. There will also be other evidence to prove that they were setting my client up.  In other words, a semi entrapment defense.. However, I know some evidence has already been deleted.

County phone logs are inadequate as my client has past footage of sheriff staff and commissioner's office staff exchanging handwritten notes that turned out to be Klotz's cell phone number. All employees use cell phones regularly and were doing so even the day of the arrest and I believe leading up to that day.

It is my understanding that Mauro Cantalamessa has a setting on his cell phone to purge everything after 30 days. He was originally scheduled to turn over his phone for preservation in another a civil case on July 27th.  I was planning to have you subpoena that information, as it is an E discovery company that would have been able to testify as to whether data was deleted.  Mauro refused to preserve his phone and delayed it a week. As a result of the delay, the information and texts will no longer include the exchanges between him and county staff the week leading up to the arrest. Bear in mind, June 29th was the day they originally planned to do this.

As for the emails, the order is explicit. I suggest you file a motion with the court if you are unable to comply and we have a hearing on it.

My thoughts are they deliberately deleted "Brady" material and if so, I need to know this as it may lead to dismissals of the charge. I am told those videos are gone & Mauro's cell phone information because he admitted on the record at a meeting that he has the delete after 30 days set up (in addition to the E-discovery team having personal knowledge).

Maybe this can narrow down what the judge already ordered.  I think on the cell phones is a plan to have my client arrested and they set it up to "entrap" her into committing the offense.  If you watch the video Mario says "she is being disrupted" it is at that point the deputies came and arrested her.  I find it incredulous that the deputies on their own would have known to arrest her with out first being instructed to do so by the sheriff and /or the other commissioneers.

I am entitled to this information as I believe it is not only Brady material but material in the possession of the state to enable the defendant to mount a defense.


**David J. Betras, Esq.**
BETRAS, KOPP & MARKOTA, LLC
6630 Seville Drive
Canfield, Ohio 44406
Office: (330) 746-8484
Fax: (330) 702-8280
Email: dbetras@bkmlaws.com
*Licensed in Ohio & Pennsylvania*



**CONFIDENTIALITY NOTICE:** This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged or confidential.  If the reader of this email is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify the sender immediately by telephone, and return the original message to the above email address.

**From:** Raymond Srp <RSrp@portageco.com>
**Sent:** Monday, August 8, 2022 11:54 AM
**To:** David Betras <dbetras@bkmlaws.com>
**Subject:** Frenchko

Attorney Betras,

I've attached a letter I sent August 5, 2022, to the Trumbull County Sheriff and Trumbull County Commissioners regarding the preservation requests in this case. I spoke with Trumbull County Sheriff Monroe and his IT department this morning, and they need more information to adequately comply with your requests. Please provide the following clarification (The numbers in this email correlate to the numbered requests in your motion):

1. Which dates and times would you like camera footage on the administration building and Sheriff's Office? Some of this data may have been overwritten already, but without specific dates, times, and camera angles this request is too broad to be complied with. Any specific requests as to specific times, dates and camera angles may be searched, but time is of the essence as data is automatically overwritten after certain time frames. It would be impossible to preserve 24 hours of footage every day from every camera angle from May 4, 2022 through August 4, 2022.
2. Trumbull county and the State of Ohio do not have any control over the person electronic devices of employees, or their social media platforms. Are there specific publicly available social media posts you would like us to search for? We should be able to pull the county phone logs and search for official county emails, but need to know what specifically you are looking for in official emails to make the search more effective.
3. Again, we do not have any control over personal accounts and devices. Are there specific county official emails or correspondences you would like us to search? What time frame?

Sheriff Monroe indicated to me he is willing to comply with your request to the best of his ability, but without further direction the request is too vague and overbroad to adequately search for the data requested.

Regards,

Raymond H. Srp, Assistant Prosecutor
Portage County Prosecutor's Office
Criminal Division
241 South Chestnut Street
Ravenna, OH 44266
(330) 297 3630 Telephone
(330) 297-2227 Facsimile



**This electronic mail message is confidential.  It may constitute privileged attorney-client communication or work product.  If you believe that it may have been sent to you in error, please reply to the sender that you have received the message in error and delete it.  Thank you.**