**From:** Matthew E. Miller-Novak
**Sent:** Thursday, March 9, 2023 2:48 PM
**To:** William J. Danso <PSdanso@co.trumbull.oh.us>; Prosecutor <prosecutor@co.trumbull.oh.us>; Jason M. Toth <pstoth@co.trumbull.oh.us>
**Subject:** RE: Commissioner Frenchko's Claims Against Your Clients and Spoliation Notice

Mr. Danso,

As you are aware, I represent Commissioner Frenchko.  I just viewed video of today's meeting, and I am appalled at the blatantly abusive and unlawful behavior of Sheriff Monroe.

Sheriff Monroe clearly battered Commissioner Frenchko because of her speech, he unlawfully seized her property in violation of the 4th Amendment, and he committed trespass to her personal property.  Sheriff Monroe is seen on video rapidly approaching Commissioner Frenchko's phone while objecting to her video recording, he reaches for the phone, he grabs the phone while it was attached to my client's person, and he slams it on the ground.

He is then seen and heard pathetically trying to pretend Commissioner Frenchko was the aggressor after he assaulted her and unlawfully seized her phone (on video).  In addition to his abuse of police power, Sheriff Monroe is perhaps the worst thespian I have seen in some time.

Anyone has the right to record the meetings of a public body under the Open Meetings Act.  *McVey v. Carthage Twp. Trustees*, 4th Dist. Athens No. 04CA44, 2005-Ohio-2869, ¶¶ 14-15.   If Sheriff Monroe does not like video recordings of his attendance at public meetings, he has precisely two options: (1) he could not go to commissioner meetings, or (2) he can find another line of work.  However, Sheriff Monroe cannot batter a woman and seize her phone because he does not like recordings of his conduct during open meetings.

This is nothing new.  Last year, your Sheriff's Department falsely arrested, battered, and maliciously prosecuted Commissioner Frenchko for criticizing Sheriff Monroe and refusing to apologize.

Because it is well-established that video is protected in open meetings, there is no credible argument that a reasonable officer would believe he can batter a woman and seize her phone during a public meeting.   In addition, any reasonable officer would know you cannot batter and arrest a public official for refusing to apologize for criticisms during a public meeting.  If this is how your highest law enforcement official abuses the law and an elected official in

broad daylight, I shiver at the thought of what he deems proper when the camera is not rolling.

Your Sheriff, his deputies, and all other actors involved will enjoy no immunity here. The physical abuse, malicious arrests, and malicious prosecution are over. Our claims are not only imminent—they are inevitable.

We demand that your client, Sheriff Monroe, the Sheriff's Department and its agents, the Commissioners, everyone in the room today, and every human being, public official, employee, and agent in the County maintains any and all records that relate in any manner to both Commissioner's Frenchko's previous arrest and today's events during this meeting. This includes all records, whether they exist on their personal devices or County devices. This includes, but is not limited to, emails, text messages, phone logs, social media messages, phone records, and any other tangible, physical, or electronic communication. This demand includes all phones, laptops, tablets, pagers, smartphones, desktops, letters, or even a scribble on a cocktail napkin. Any destruction of records will also result in additional claims against anyone who destroys a record under the Public Records Act and/or the claim of spoliation.

I would also suggest the Sheriff and his deputies keep their hands off of my client and her property in the meantime.

Sincerely,

**Matt Miller-Novak, Esq.**
**Partner**
**Barron Peck Bennie & Schlemmer Co., LPA**
3074 Madison Road  Cincinnati, OH 45209
**Oakley | Newport**
**Main** 513.721.1350 | **Direct** 513.533.2030 | **F** 513.991.6430
mmn@bpbslaw.com| www.bpbslaw.com

*This e-mail transmission contains information from the law firm of Barron Peck Bennie & Schlemmer Co., LPA that may be confidential or privileged. It is solely for the use of the individuals or entities named above. If you are not an intended recipient, any disclosure or use of the contents of this message is prohibited. If you received this message in error, please notify the sender by reply e-mail and delete the message and any attachments.*