**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NIKI FRENCHKO, | : | |
| Plaintiff, | : | Case No. 4:23-cv-00781 |
| ***vs.*** | : | Judge J. Philip Calabrese |
| PAUL MONROE, *et al.*, | : | |
| Defendants. | : | |

**DEFENDANTS' SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT**

Following remand from the Sixth Circuit Court of Appeals, Plaintiff has just two claims remaining. First, Plaintiff has a narrow First Amendment retaliation claim based on the so-called *Nieves* exception against Defendants Wix and Ross. Second, Plaintiff has a state law false arrest/conspiracy to false arrest claim against all Defendants. For the additional reasons that follow below, Defendants are entitled to summary judgment on both remaining claims.

Respectfully Submitted,

/s/ Andrew N. Yosowitz
Andrew N. Yosowitz (0075306)
Matthew S. Teetor (0087009)
Teetor Westfall, LLC
200 E. Campus View Blvd. Suite 200
Columbus, OH 43235
(614) 412-4000 – Telephone
(614) 412-9012 – Facsimile
ayosowitz@teetorlaw.com
mteetor@teetorlaw.com
*Counsel for Defendants Harold Wix and Robert Ross*

s/ Daniel T. Downey
Daniel T. Downey (0063753)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
7775 Walton Parkway, Suite 200
New Albany, OH 43054
(614) 221-1216 – Telephone
(614) 221-8769 – Facsimile
ddowney@fisheldowney.com
hsudhoff@fisheldowney.com
*Counsel for Defendants Sheriff Paul Monroe, Trumbull County, Trumbull County Board of Commissioners, Trumbull County Sheriff's Office, Mauro Cantalamessa, and Frank Fuda*

## MEMORANDUM IN SUPPORT

## I. RELEVANT PROCEDURAL HISTORY

### A. INITIAL SUMMARY JUDGMENT PROCEEDINGS AND RULINGS

Plaintiff alleged fourteen (14) total claims in her Complaint. Counts 1-4 were federal claims alleging that Ohio Rev. Code § 2917.12 is facially unconstitutional (Counts 1-2), First Amendment retaliation (Count 3) and Fourth Amendment unlawful seizure and malicious prosecution (Count 4). (Complaint, Doc. 1, PageID # 14-18). With the exception of Count 13, Counts 5-14 alleged state law claims for false arrest (Count 5), malicious prosecution (Count 6), civil conspiracy (Count 7), battery (Count 8), assault (Count 9), destruction of public records (Count 10), civil liability for criminal acts (Counts 11-12), and trespass (Count 14). (*Id*. at PageID # 18-26). Count 13 alleged a separate Fourth Amendment claim against Sheriff Monroe. (*Id*. at PageID # 25; see also Opinion and Order, Doc. 61, PageID # 1980).

The parties filed cross-motions for summary judgment; however, Plaintiff only moved for summary judgment on her federal claims. (See Pltf.'s Mot. for Partial Summary Judgment, Doc. 47 and Defendants' Mot. for Summary Judgment, Doc. 51). On January 16, 2024, this Court issued

its Opinion and Order granting in part and denying in part the parties' cross motions for summary judgment. (Opinion and Order, Doc. 61, PageID # 1964).

The Court held that Ohio Rev. Code § 2917.12(A)(1)—the statute at issue in this case—is constitutional. (*Id.* at PageID # 1998). Accordingly, the Court granted Defendants summary judgment on Plaintiff's facial challenge of the statute (Counts 1 and 2). *Id.* On Counts 3 and 4, the district court denied Defendants' qualified immunity on Plaintiff's First Amendment retaliation claim and Fourth Amendment unlawful seizure claim. The Court granted Plaintiff summary judgment on those claims. (*Id.* at PageID 1999-2017). The Court granted Defendants summary judgment on Plaintiff's malicious prosecution claim. (*Id.* at PageID # 2013). The Court also dismissed a separate Fourth Amendment claim against Sheriff Monroe (Count 13). (*Id.* at PageID # 2021).

Turning to the state law claims, the Court denied Defendants statutory immunity on Plaintiff's false arrest claim and civil conspiracy claim. (*Id.* at PageID # 2023-29). This Court granted Defendants summary judgment on Plaintiff's malicious prosecution and battery claims. (*Id.* at PageID # 2023-2025). The Court declined to exercise supplemental jurisdiction on the remaining state law claims. (*Id.* at PageID # 2030-33).

### B. <u>THE SIXTH CIRCUIT COURT OF APPEALS REVERSES IN PART AND AFFIRMS IN PART THIS COURT'S OPINION AND ORDER</u>

Defendants appealed the following rulings to the Sixth Circuit Court of Appeals: (1) the denial of qualified immunity on Plaintiff's Fourth Amendment unlawful seizure claim; (2) the denial of qualified immunity on Plaintiff's First Amendment retaliation claim; (3) the denial of statutory immunity on Plaintiff's false arrest claim and (4) the denial of statutory immunity on Plaintiff's civil conspiracy claim.

The Sixth Circuit held that Defendants Wix and Ross had probable cause to arrest Plaintiff and, therefore, Defendants Wix and Ross were entitled to qualified immunity on Plaintiff's Fourth Amendment unlawful seizure claim. *Frenchko v. Monroe*, 160 F.4th 784, 798-99 *6th Cir. 2025).

The Sixth Circuit also vacated summary judgment in favor of Plaintiff on her First Amendment claim. As an initial matter, the Sixth Circuit held that Defendants Fuda, Cantalamessa, and Monroe were not personally involved in Plaintiff's arrest. *Id*. at 801. As a result, they cannot be liable for any alleged First Amendment violation. *Id*.

As to Defendants Wix and Ross, Plaintiff's First Amendment claim based on an alleged lack of probable cause for arrest fails. *Id*. at 802. However, Plaintiff's First Amendment claim against Wix and Ross could possibly proceed if Plaintiff can show "objective evidence that [s]he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Id*. at 803 citing *Nieves v. Bartlett*, 587 U.S. 391, 407, 139 S. Ct. 1715, 204 L. Ed. 2d 1 (2019). This is the so-called "*Nieves* exception." Because this Court never analyzed the *Nieves* exception, the Sixth Circuit remanded the case to this court "to decided these issues in the first instance." *Id*.

Turning to Plaintiff's state-law false arrest claim and conspiracy to false arrest claim, the Sixth Circuit agreed that there is an issue of fact as to whether Defendants are entitled to statutory immunity. *Id*. at 804-06.

Following the Sixth Circuit's opinion and mandate, Plaintiff has two claims left. First, Plaintiff has a potential First Amendment claim against Defendants Wix and Ross based on the *Nieves* exception. Second, Plaintiff has a state law false arrest claim and conspiracy to false arrest claim against all Defendants. As discussed below, Defendants Wix and Ross are entitled to

qualified immunity on Plaintiff's potential First Amendment claim and the existence of probable cause to arrest Plaintiff forecloses any false arrest claim irrespective of statutory immunity.

## II. LAW AND ARGUMENT

### A. DEFENDANTS WIX AND ROSS ARE ENTITLED TO QUALIFIED IMMUNITY ON PLAINTIFF'S NARROW FIRST AMENDMENT CLAIM

"As a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions" based on the exercise of protected speech rights. *Nieves*, 587 U.S. at 398 (brackets omitted) (quoting *Hartman v. Moore*, 547 U.S. 250, 256, 126 S. Ct. 1695, 164 L. Ed. 2d 441 (2006)). Those asserting First Amendment retaliation face a burden-shifting framework that often reduces to a dispute over causation. A plaintiff must show that "the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (per curiam). To defeat that linkage, defendants may seek to demonstrate a non-retaliatory basis for the action at issue. *See, e.g., Nieves*, 587 U.S. at 404; *Frenchko*, 160 F.4th at 803 (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977)).

When the alleged retaliatory act is an arrest, though, causation can get thornier. That's because protected speech "is often a 'wholly legitimate consideration' for officers when deciding whether to make an arrest." *Nieves*, 587 U.S. at 401 (quoting *Reichle v. Howards*, 566 U.S. 658, 668, 132 S. Ct. 2088, 182 L. Ed.2d 985). Speech can, for instance, "provide[] evidence of a crime or suggest[] a potential threat." *Reichle*, 566 U.S. at 668. That speech-arrest interplay can make it "particularly difficult" to discern whether an officer's consideration of speech reflected unlawful animus, on one hand, or permissible assessment of suspected criminal conduct, on the other. *Nieves*, 587 U.S. at 402. Compounding the difficulty, improper motive is "easy to allege and hard to disprove." *Id.* at 403 (quoting *Crawford-El v. Britton*, 523 U.S. 574, 585, 118 S. Ct. 1584, 140

L. Ed. 2d 759 (1998)). So a subjective-allegation-only standard would have risked chilling officers' exercise of important duties by permitting "even doubtful retaliatory arrest suits to proceed." *Id.*

The Supreme Court's retaliatory arrest framework seeks to account for those challenges. It does so by creating a default rule, applicable in all cases, that links causation with the presence or absence of objective probable cause to arrest. *Id.* at 404. The result is straightforward: The presence of probable cause to arrest generally defeats a First Amendment retaliatory arrest claim. *Id.* at 405. Plaintiffs therefore must "plead and prove the absence of probable cause for the arrest" to proceed with suit. *Id.* at 402. Giving probable cause a gatekeeping role reflects the Supreme Court's calculation that a lack of probable cause will often "provide weighty evidence that the officer's animus caused the arrest, whereas the presence of probable cause will suggest the opposite." *Id.*; *see also Hartman*, 547 U.S. at 261 (explaining the "powerful evidentiary significance" of probable cause in the typical retaliatory prosecution case).

But under *Nieves*, an exception travels alongside the no-probable-cause rule: Even when probable cause is present, a plaintiff's retaliatory arrest claim can advance to the traditional burden-shifting framework if he provides "objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." 587 U.S. at 407. 1 The *Nieves* exception targets situations "where officers have probable cause to make arrests, but typically exercise their discretion not to do so." *Id.* at 406. Given the prevalence of "minor criminal offense[s]," that outlet helps guard against the "risk that some police officers may exploit the arrest power as a means of suppressing speech." *Id.* at 406-07 (first quoting *Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S. Ct. 1536, 149 L. Ed. 2d 549 (2001); then quoting *Lozman v. Riviera Beach*, 585 U.S. 87, 99, 138 S. Ct. 1945, 201 L. Ed. 2d 342 (2018)).

Despite its importance, "the *Nieves* exception is slim." *Gonzalez v. Trevino*, 602 U.S. 653, 658, 144 S. Ct. 1663, 219 L. Ed. 2d 332. And only "objective evidence" can satisfy it. *Nieves*, 587 U.S. at 407. As *Nieves* noted, such evidence might be officers' failure to arrest others who were similarly situated to the plaintiff. *Id.* But evidence outside of "virtually identical and identifiable comparators" can also suffice. *Gonzalez*, 602 U.S. at 658. Thus, in *Gonzalez v. Trevino*, Gonzalez satisfied the *Nieves* exception with a survey demonstrating that "no one ha[d] ever been arrested for engaging" in the conduct at issue—there, "trying to steal a nonbinding or expressive document" following a public meeting. *Id.* at 657-58 (citation modified). That non-enforcement history tended to prove that officers had "typically exercise[d] their discretion not to" arrest persons in like circumstances. *Id.* at 658 (quoting *Nieves*, 587 U.S. at 406). And that objective evidence allowed Gonzalez's claim to proceed. *Id.* at 658.

The presence of probable cause in this case tees up application of the *Nieves* exception. Under it, Frenchko must demonstrate that she was "arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Nieves*, 587 U.S. at 407. "To fall within the exception, a plaintiff must produce evidence to prove that his arrest occurred in such circumstances." *Gonzalez*, 602 U.S. at 658. And the evidence "must be objective." *Id.*

Plaintiff cannot take advantage of the *Nieves* exception because she has failed to "present[] objective evidence that [s]he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." 139 S. Ct. at 1727. Plaintiff does not offer evidence of other similarly situated individuals who repeatedly interrupted the meeting in the same manner she did. Rather, the evidence Plaintiff offers appears to show conduct and situations different from hers. For example, Plaintiff cites a video of a person questioning Plaintiff about

COVID testing after Plaintiff, apparently, returned from a trip. (See “Salsa Dancing Video” manually filed in Doc. 52, # 16). It is unclear what the context of the situation was. The person speaks for about 30 seconds and then sits down. (*Id.*). Afterwards, Commissioner Fuda continues with a discussion about COVID masking. (*Id.*). In any event, to the extent that this individual was disruptive, the disruption only lasted about 30 seconds, and Commissioner Frenchko can be heard laughing. (*Id.*). Plaintiff also relies on a video from the June 10, 2022 meeting in which an employee from the highway department speaks during the public comment portion of the meeting. (Notice of Manual Filing, Doc. 55, # 1). It is true that Commissioner Fuda interrupts the speaker, but the interruption does not disrupt the meeting. (*Id.*). Commissioner Fuda and the highway department employee end up having a 10-minute, sometimes heated but civilized, discussion about the issues that brought the employee in to speak. (*Id.*). Also, there does not appear to be any deputy present at this meeting. (*Id.* when the camera pans and shows the gallery of the meeting room).

The inference Plaintiff asks this Court to draw is that because no one else has been arrested for similar conduct, her arrest must have been motivated by her speech. But the plain language of *Nieves* requires comparative evidence, because it required "objective evidence" of "otherwise similarly situated individuals" who engaged in the "same" criminal conduct but were not arrested. *Id.* The evidence Plaintiff provides here comes up short.

The Sixth Circuit recently addressed a similar First Amendment claim in *Grady v. Cratsenburg*, 170 F.4th 995 (6th Cir. 2026). In *Grady*, the Sixth Circuit reversed the district court’s denial of qualified immunity after concluding that plaintiffs’ cited comparators were not similarly situated for purposes of satisfying the *Nieves* exception. *Id.* at 996-97. The Sixth Circuit’s opinion made clear that “the *Nieves* exception is slim.” *Id* at 1002. To satisfy *Nieves* with comparator evidence, a plaintiff must show that officers failed to arrest individuals “not engaged in the same

sort of protected speech" as the plaintiff himself/herself. *Id.* at 1003-04. Proper comparator evidence requires the plaintiff to provide examples of persons who were engaging in the same "arrest-generating conduct" as the plaintiff, but were nonetheless not arrested. *Id.* at 1005. "The proffered comparators never engaged in conduct that might have supported their arrest. So, the neighbors' non-arrest says nothing about whether officers selectively targeted the Plaintiffs, among other lawbreakers, for "comparable behavior." *Id.*

Even if there was evidence of otherwise similarly situated individuals engaging in the same conduct, that evidence alone does not make a retaliation claim. The Supreme Court tells us that, if there is objective 'similarly situated' evidence, the plaintiff then must provide evidence of retaliation in the same manner as claims where the plaintiff has met the threshold showing of the absence of probable cause. *Nieves* at 1727. To make that showing, "[t]he plaintiff must show that the retaliation was a substantial or motivating factor behind the [arrest], and, if that showing is made, the defendant can prevail only by showing that the [arrest] would have been initiated without respect to retaliation." *Id.* at 1725.

Here, Frenchko does not provide any evidence against Sgts. Wix and Ross that they were motivated by retaliation. Stated differently, Frenchko makes no attempt at an individual retaliation analysis. Sgts. Wix and Ross have testified that they (1) had no animus toward Niki Frenchko, (2) did not know about any dispute between Sheriff Monroe and Frenchko and (3) arrested Frenchko for her interruptive and disruptive conduct, not the content of her interruptions. (Ross. Decl., Doc. 51-11, ¶¶ 7, 13, 47, PageID # 1344, 1347; Wix Decl., Doc. 51-12, ¶¶ 7, 13, 46, PageID # 1360-61, 1364). To defeat Sgts. Wix and Ross's qualified immunity, Frenchko is required to put forth affirmative evidence against Sgts. Wix and Ross to prove that they, individually, retaliated against

her. Because Frenchko does not and cannot do so, Sgts. Wix and Ross are entitled to qualified immunity on Frenchko's First Amendment retaliation claim.

## B. PLAINTIFF'S FALSE ARREST CLAIM FAILS AS A MATTER OF LAW

### 1. Law of the Case

Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored*, 38 F 3d 1419, 1421 (6th Cir. 1994). Determinations by a Court of Appeals become law of the case and are binding on the district court on remand. *United States v. Haynes*, 468 F.3d 422, 426 (6th Cir. 2006). The Sixth Circuit's conclusion that there was probable cause for Plaintiff's arrest is the law of the case and is binding on this Court. *See e.g. Edmonds v. United States*, Case Nos. 1:05-cv-353, 1:00-cr-114, 2009 U.S. Dist. LEXIS 9928, *18 (E.D. Tenn. Feb. 9, 2009).

### 2. Because There Was Probable Cause for Plaintiff's Arrest, Her False Arrest Claim Cannot Succeed as a Matter of Law

In order to prevail on a claim of for false arrest under Ohio law, the plaintiff must demonstrate: "(1) the intentional detention of the person and (2) the unlawfulness of the detention." *Hodges v. Meije, Inc.*, 129 Ohio App.3d 318, 717 N.E.2d 806 (Ohio Ct. App. 1998). An arrest based on probable cause is a lawful detention and, thereby, serves to defeat a claim of false arrest. *Henderson v. City of Euclid*, 2015-Ohio-15, ¶ 55 (Ohio Ct. App. 2015). The plaintiff is not required to prove that the defendant had no probable cause to arrest; however, the existence of probable cause to arrest defeats a false arrest claim. *White v. Roch*, 2005-Ohio-1127, ¶ 12 (Ohio Ct. App. 2005); *see also Morrison v. Horseshoe Casino*, 2020-Ohio-4131, ¶ 87 (Ohio Ct. App. 2020) ("[W]e find the false arrest claim cannot be maintained given our determination that there existed probable cause to detain, arrest and search [Plaintiff]").

In this case, the Sixth Circuit held that there was probable cause for Plaintiff's arrest. That determination is the law of the case. As a matter of law, Plaintiff cannot succeed on a false arrest claim when there was probable cause for the arrest. Plaintiff may argue that this Court and the Court of Appeals held that there is an issue of fact as to whether Defendants are entitled to statutory immunity on Plaintiff's false arrest claim. That's true, but an employee's entitlement to statutory immunity is a separate question from the plaintiff's ability to establish the elements of his or her claim. *Argabrite v. Neer*, 149 Ohio St. 3d 349, 2016-Ohio-8374, ¶ 10, 75 N.E.3d 161 (Ohio 2016). The existence of probable cause forecloses Plaintiff's false arrest and conspiracy to false arrest claims irrespective of the separate defense of statutory immunity.

For the foregoing additional reasons, Defendants respectfully request that this Court GRANT their Supplemental Motion for Summary Judgment.

Respectfully Submitted,

/s/ Andrew N. Yosowitz
Andrew N. Yosowitz (0075306)
Matthew S. Teetor (0087009)
Teetor Westfall, LLC
200 E. Campus View Blvd. Suite 200
Columbus, OH 43235
(614) 412-4000 – Telephone
(614) 412-9012 – Facsimile
ayosowitz@teetorlaw.com
mteetor@teetorlaw.com
*Counsel for Defendants Harold Wix and Robert Ross*

s/ Daniel T. Downey
Daniel T. Downey (0063753)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
7775 Walton Parkway, Suite 200
New Albany, OH 43054
(614) 221-1216 – Telephone
(614) 221-8769 – Facsimile
ddowney@fisheldowney.com
hsudhoff@fisheldowney.com

*Counsel for Defendants Sheriff Paul Monroe, Trumbull County, Trumbull County Board of Commissioners, Trumbull County Sheriff's Office, Mauro Cantalamessa, and Frank Fuda*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing **SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT** was served, via the Court's CM/ECF system, upon all counsel this 17th day of November, 2026.

/s/ Andrew N. Yosowitz
Andrew N. Yosowitz (0075306)
Teetor Westfall, LLC
*Counsel for Defendants Harold Wix and Robert Ross*